## CONTINENTAL SUGAR CO v AGNER

Ohio Appeals, 3rd Dist, Putnam Co

No 230.   Decided April 24, 1929

Smith, Beckwith, Ohlinger & Froelick, Toledo and Lease & Eastman, Ottawa, for Sugar Co.

J. T. DeFord, Ottawa, for Agner.

**HUGHES, J.**

There was no objection made by the defendant to proceeding with the trial, nor was there any objection made by the defendant when it appeared in court to submit the motion to quash on the ground that the justice of the peace had unlawfully delayed the hearing of the case, and thereby lost jurisdiction. When the defendant, being present in court, made no objection to proceeding with the trial, it laid no foundation for error to the common pleas court. The judgment is therefore affirmed. See, Swan's Treatise, 26th Edition, page 83.

The bill of exceptions filed by plaintiff can not be used for the purposes of this review on error.

Before Judges Hughes, Justice & Crow.

## K-T SANDWICH SHOPPE IN RE

United States District Court

Northern District of Ohio

Eastern Division

No 16725.  Decided July 8, 1929

Fackler & Woods, Cleveland, and Doolittle, Foust & Holden, Akron, for The Peppas & Alex Co, Petitioner.

Lewis A. Seikel, Akron, for James B. Danaher, Trustee in Bankruptcy.

**JONES, J.**

The main question involved relates to the effect of the Common Pleas receivership proceedings upon the chattel mortgage of the petitioner. This is obvious since the copy of the chattel mortgage was filed with the county recorder of Mahoning County, Ohio, prior to the institution of the bankruptcy proceedings, and unless the lien of the mortgage was lost in the State Court proceeding it is valid against the trustee in bankruptcy. **In re Klien,** 197 Fed. 241, 248.

It is a general rule that a receiver acquires no greater rights in the property put into his possession by the appointing court than the debtor had, and that the receiver takes and holds such property subject to such equities and liens as exist and to which the property was subjected in the possession of the debtor or the person out of whose hands it was taken when the receiver was appointed; but except as to such liens as existed at the time of his appointment, such receiver generally holds the property for the benefit of general creditors under direction of the Court and no lien can be acquired after the receiver has taken possession of the res. **Horn vs.**